**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL LEWIS IVORY
REG. #17068-001                                                                                           PETITIONER

VS.                                  2:08CV00156 BSM/JTR

T.C. OUTLAW,
Warden, FCI Forrest City                                                                         RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

>United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Room 149
>Little Rock, AR 72201-3325

## I. Background

Petitioner, Michael Lewis Ivory, who is incarcerated at FCI Forest City, is serving a 262-month sentence imposed in the Northen District of Alabama. In this § 2241 habeas action, Petitioner attacks an earlier federal conviction and sentence, in the Northen District of Alabama, which was used to enhance his current sentence under the Armed Career Criminal Act. In order to understand the merits of Petitioner's habeas claims, the Court will briefly review the procedural history of his convictions and his attempts to obtain postconviction relief.

On April 6, 1989, the grand jury in the Northen District of Alabama returned a nine-count Indictment charging Petitioner with: (1) making a false statement in connection with the acquisition of a firearm ("Count One"); (2) receipt of a firearm while under indictment for a felony ("Count Two"); (3) three counts of possession of a firearm after having being convicted of a felony ("Counts Three, Six, and Nine"); (4) two counts of possession of cocaine with intent to distribute ("Counts

Four and Seven"); and (5) two counts of use of a firearm during a drug trafficking crime ('Counts Five and Eight"). *United States v. Ivory*; N.D. Ala. No. 2:89CR00074.

On June 5, 1989, Petitioner entered a guilty plea to Counts One, Two, Three, Four, Six, Seven, and Nine, while Counts Five and Eight were dismissed. (1989 Plea Hearing Tr., docket entry #1 at 43-46, 64-76). On July 20, 1989, Petitioner filed a Motion to Withdraw his guilty plea. On July 21, 1989, the trial court denied that Motion. *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entry #20.

On July 27, 1989, United States District Judge James H. Hancock sentenced Petitioner to: (1) 210 months "CBP" [custody of the Bureau of Prisons] on Count Seven; (2) 36 months "CBP" on Count Nine, concurrent with the 210 month sentence on Count Seven; (3) 60 months "CAG" [custody of the Attorney General] on Count Four, to run consecutive to the 210-month sentence on Count Seven; (4) five years "CAG" on Counts One, Two, Three, and Six, to run consecutive to the 21-month sentence on Count Seven, and concurrent with the five-year sentence imposed on Count Four; and (5) five and ten years of supervised release on Counts Seven and Four, respectively.[1] *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entry #21 and 1989 Sent Hearing Tr., docket entry #1 at 57-63, 77-103.

Petitioner timely filed a Notice of Appeal to the Eleventh Circuit. However, the Court later dismissed Petitioner's appeal because he failed to pay the filing fees. *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entry #28.

On January 5, 1990, Petitioner filed his first § 2255 Motion attacking his conviction and

---

[1] Petitioner's sentence reflects criminal conduct governed by a combination of the United States Sentencing Guidelines and an "old law" sentence.

sentence. On January 8, 1990, the trial court denied that Motion. *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entries #29 and #30. Petitioner did not appeal from that decision.

On July 22, 1992 , Petitioner filed his second § 2255 Motion, which was denied on August 13, 1992. *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entries #31 and #32. On September 13, 1993, the Eleventh Circuit affirmed the trial court's denial of § 2255 relief. *Ivory v. United States*, 4 F.3d 1000 (11th Cir. Sep. 13, 1993) (unpublished table decision).

On December 27, 1993, Petitioner filed his third § 2255 Motion, which was denied on January 13, 1994. *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entries #37 and #38). On February 27, 1996, the Eleventh Circuit reversed a portion of Petitioner's sentence and remanded the matter for resentencing. *Ivory v. United States*, 79 F.3d 1159 (11th Cir. Feb. 27, 1996) (unpublished table decision).

On August 21, 1996, Judge Hancock conducted a sentencing hearing and resentenced Petitioner to 27 months "CBP" on Counts Seven and Nine, to run concurrently, followed with 60 months of supervised release. *United States v. Ivory*; N.D. Ala. No. 2:89CR00074 at docket entry #61-62). It appears that Petitioner completed service of his sentence and supervision in 2002.[2]

On July 31, 2003, the grand jury in the Northen District of Alabama returned an Indictment charging Petitioner with being a felon in possession of a firearm. *United States v. Ivory*, N.D. Ala. No. 2:03CR00394 SLB at docket entry #1. On November 18, 2003, a jury convicted Petitioner. *Id.* at docket entry #14. On May 18, 2004, he was sentenced to 262 months' imprisonment in the

---

[2]In 2004, Petitioner was sentenced for new federal criminal conduct. The sentencing judge stated: "One other thing to note for the record is you were released from supervision on 1/21/02 in your earlier federal case, and you were arrested less than a month later for the instant offense." *Ivory v. United States*, N.D. Ala. 2:07CV080030 SLB at docket entry #8-10 at 24 (excerpt from the sentencing hearing transcript in N.D. Ala. No. 2:03CR00394 SLB).

BOP.  *Id.* at docket entry #40.

Petitioner appealed his conviction and sentence to the Eleventh Circuit, which affirmed on October 11, 2006.  *United States v. Ivory*, 199 Fed. Appx. 896 (2006) (*per curiam*).

On September 24, 2007, Petitioner filed a § 2255 Motion attacking his conviction and sentence in N.D. Ala. No.  2:03CR00394.  *Ivory v. United States*, N.D. Ala. 2:07CV080030 SLB at docket entry #1.  His Motion was denied on August 22, 2008.  *Ivory v. United States*, N.D. Ala. 2:07CV080030 SLB at docket entry #16.  He attempted to appeal the denial of § 2255 relief, but his request for a Certificate of Appealability was denied by both the trial court and the Eleventh Circuit.  *Ivory v. United States*, N.D. Ala. 2:07CV080030 SLB at docket entries #18 and #23.

On August 14, 2008, Petitioner filed this § 2241 habeas action in the Eastern District of Arkansas.  (Docket entry #1).  In his Petition, he argues that his sentence in N.D. Ala. 2:03CR00394 was improperly enhanced under the Armed Career Criminal Act by the inclusion of his unconstitutional conviction in N.D. Ala. No. 2:89CR00074.  He specifically argues that, as to his conviction and sentence in N.D. Ala. No. 2:89CR00074: (1) the Government breached its plea agreement with him as to the length of the sentences it would recommend; (2) the Court "reneged" on various aspects of the plea agreement reached between him and the Government; (3) the Count Four sentence imposed a term of supervised release that exceeded the statutory maximum; (4) the Court violated Fed. R. Crim. P. 11 when it deviated from the plea agreement after informing him that it "accepted" the plea agreement; (5) his lawyer provided him ineffective assistance by failing to object to the "breach" of his plea agreement; (6) the Government failed to provide him with statutory notice of prior convictions for sentence enhancement; and (7) his plea was not knowing or intelligent because there was an inadequate factual basis for the plea.

Respondent argues that Petitioner's claims fail on the merits. (Docket entry #7). For the reasons explained below, the Court concludes that it lacks jurisdiction, and thus recommends that the § 2241 Petition for Writ of Habeas Corpus be denied, and the case be dismissed, with prejudice.

## II. Discussion

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the *execution* of a federal sentence.[3] In this case, Petitioner is clearly attacking only the validity of his conviction and sentence in federal court in Alabama.

A collateral challenge to the validity of a federal conviction or sentence must be raised in a motion to vacate that is filed *in the sentencing court* under 28 U.S.C. § 2255, *not* in a habeas petition filed in the court of incarceration under 28 U.S.C. § 2241. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). However, § 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction that is brought in a § 2241 habeas petition in the "rare instance" in which the remedy under § 2255 is "inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on the validity of a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. Importantly, it is the petitioner's burden to establish that his remedies in

---

[3]Respondent does not contest the Court's jurisdiction to consider Ivory's § 2241 habeas Petition. However, as a threshold matter, the Court is obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

the sentencing jurisdiction are inadequate or ineffective. *Hill*, 349 F.3d at 1091.

In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). In *Lurie* the Court held that a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied"; (2) "the petitioner has been denied permission to file a second or successive § 2255 motion"; (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." Id. Thus, a habeas petitioner cannot file a § 2241 petition in the district of incarceration merely because he no longer has avenues for relief in the sentencing district.

Petitioner, who purports to attack the validity of his conviction and sentence in N.D. Ala. No. 2:89CR00074, does not explain why he never raised his current habeas claims in the three § 2255 Motions he filed in that case. Neither does he explain why he did not raise his current habeas claims in the § 2255 Motion he filed in N.D. Ala. 2:03CR00394. Petitioner invokes § 2241 habeas jurisdiction by claiming that, because he is attacking his 1989 conviction and sentence, for which he no longer is in custody, § 2241 "provides the proper remedy for testing the constitutionality of an expired prior conviction." (Docket entry #1 at 6-8). Petitioner mistakenly cites *Custis v. United States*, 511 U.S. 485 (1994) in support of this argument.

In *Custis*, the Court held that a defendant facing a sentence enhancement under the Armed Career Criminal Act could *not* challenge the constitutionality of a prior state conviction at his federal sentencing proceeding. *Custis*, 511 U.S. at 497. The sole exception the Court noted was in cases where the prior conviction was obtained in violation of a defendant's right to have appointed

7

counsel, a Sixth Amendment claim recognized in *Gideon v. Wainwright*, 372 U.S. 335 (1963).

The Court extended the rationale in *Custis* in two subsequent decisions concerning challenges to prior "expired" convictions that were used to enhance a sentence, *Daniels v. United States*, 532 U.S. 374 (2001), and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). In *Daniels*, the Court held that a federal prisoner could *not* challenge a prior "expired" conviction in a § 2255 Motion, and in *Coss* the Court held that a state prisoner could *not* challenge a prior "expired" conviction in a § 2254 habeas proceeding. In both cases the Court continued to recognize the viability of a Sixth Amendment claim that a prior conviction was obtained where there was a failure to appoint counsel in violation of *Gideon*.

Even *if* the claims asserted by Petitioner fell under the exception recognized by the Court in *Custis* and its progeny, *i.e.*, a *Gideon* Sixth Amendment claim for failure to appoint counsel, Petitioner's exclusive remedy would be to raise those claims in a § 2255 Motion filed *in the sentencing court*, not a § 2241 Petition in the court of incarceration:

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. *A defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion*, but generally only if he raised that claim at his federal sentencing proceeding.

*Daniels*, 532 U.S. at 382 (emphasis added). Petitioner clearly has either failed to pursue, or unsuccessfully pursued, the then-available remedies that he had to attack his 1989 conviction.

8

According to the Court's holding in *Daniels*, Petitioner is now "without recourse."[4]

Because Petitioner's claims clearly are not cognizable in a § 2241 action in the court of incarceration, this Court lacks subject matter jurisdiction.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (docket entry #1) be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE.

Dated this 4th day of October, 2010.

```
                                    /s/ J. Thomas Ray
                                    UNITED STATES MAGISTRATE JUDGE
```

---

[4] Petitioner may have one remaining avenue for relief, a writ of error coram nobis under 28 U.S.C. § 1651. *See United States v. Morgan*, 346 U.S. 502, 510-11 (1954) (holding that that a federal prisoner may collaterally attack his conviction even when he is no longer in custody using the common law writ of coram nobis). However, a "writ of error coram nobis is an 'extraordinary remedy' which should only be granted 'under circumstances compelling such action to achieve justice' and to correct errors of the most fundamental character." *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir.1996)(quoting *Morgan*, 346 U.S. at 511-12).

Importantly, a writ of error coram nobis must be filed in the underlying criminal case that is challenged. *See Morgan*, 346 U.S. at 505, n.4 (1954)(a motion for a writ of error coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding...[t]his motion is of the same general character as one under 28 U.S.C. § 2255").